12 So.2d 809

STATE v. GABLE.

No. 36939.

Feb. 1, 1943.

A. A. Moss, of Winnfield, and John R. Hunter, Sr., of Alexandria, for appellant.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., and Harry Fuller, Dist. Atty., of Winnfield, for the State.

HAMITER, Justice.

Defendant, J. F. Gable, was indicted for the stealing and carrying away of certain property of the value of $35 belonging to one J. E. Carter. The crime was allegedly committed in November, 1941, prior to the enactment of the Louisiana Criminal Code (Act 43 of 1942) but it was after the effective date of such Code when the indictment was returned and he was tried, found guilty as charged by a jury of five, and sentenced to seven months imprisonment in the parish jail.

Before sentence was passed, defendant tendered two motions, one being for a new trial and the other in arrest of judgment. Both were overruled; and to the court's ruling on each, defendant excepted.

This appeal followed the sentence.

The bill of exception reserved to the ruling on the motion for a new trial has been abandoned, defense counsel stating in their brief that it "presented nothing but questions of fact, and since it does not present any legal error, we think the refusal was one of those matters left to the sound discretion of the trial court and is not reviewable on appeal.

The position taken by defendant under the motion in arrest of judgment, is that at the time of trial the Louisiana Criminal Code (Act 43 of 1942) was in force and effect and governed the offense with which he was charged; that it mitigated or lessened the penalty fixed in the superceded former statute covering larceny and made the crime a misdemeanor triable only by a judge; and that, therefore, the jury of five by which he was found guilty was without jurisdiction and his conviction and sentence were null and void.

Under Section 5 of Act 107 of 1902 (Article 1054 of Louisiana Code of Criminal Procedure) the larceny statute in effect when the offense was committed, a person convicted of stealing property of the value of $20 or more, but less than $100, was punishable by imprisonment, with or without hard labor, for not less than three months nor more than two years.

Article 67 of the Louisiana Criminal Code defines theft, a classification in which larceny falls, as "the misappropria-

tion or taking of anything of value which belongs to another, * * *"; and, as therein stated, "When the misappropriation or taking amounts to a value of twenty dollars or more, but less than a value of one hundred dollars, the offender shall be fined not more than three hundred dollars, or imprisoned, with or without hard labor, for not more than two years, or both."

Directing attention to the provision in the present law (Article 67 of the Louisiana Criminal Code) relating to the fining of the offender, defendant argues that as the punishment is a fine, and on default thereof imprisonment, the offense is a misdemeanor and the trial must be had before a judge. In support of this argument he shows that a misdemeanor is any crime other than a felony while a felony is any crime for which an offender may be sentenced to death or imprisonment at hard labor, citing Louisiana Criminal Code Article 2; and that, according to Article 340 of the Louisiana Code of Criminal Procedure, every misdemeanor shall be tried without the intervention of a jury.

■ As we read the penal clause of the statute presently in force, the imprisonment is not conditioned upon the nonpayment of an imposed fine. On the contrary, on conviction, the judge may sentence the offender to pay a fine, an alternative penalty not provided for in the former statute, or to serve a prison term, with or without hard labor, or he may decree both fine and imprisonment.

■ Assuming for the sake of argument that the provisions of the Louisiana Criminal Code governed the offense as defendant

contends, and considering that thereunder a possible sentence was imprisonment at hard labor, it is clear that defendant was properly tried by a jury of five. It is stated in Article 7, Section 41 of the Louisiana Constitution of 1921, that: "* * * Cases, in which the punishment may be at hard labor, shall be tried by a jury of five, all of whom must concur to render a verdict; * * *" Consequently, the motion in arrest of judgment was correctly overruled.

For the reasons assigned, the conviction and sentence appealed from are affirmed.